IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MICAH E. GLENN,
    Plaintiff,

v.              Case No. 06C0179

KRISTINA WIZA[1], DONNA HARRIS,
DAVID H. SCHWARTZ, KRISTINE
LAWRENCE, DARRYL BUCHOLTZ,
and JANICE CUMMINGS,
    Defendants.

## ORDER

  Plaintiff Micah E. Glenn, proceeding pro se, brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional right to due process of law and unlawful detention associated with a 2000 revocation of parole. On November 13, 2006, plaintiff filed a letter with the court stating that his inability to be heard on the merits of his claims has led to additional constitutional violations. Liberally construed, that letter contains a motion for an extension of time to reply to defendants' motion to dismiss, a motion to appoint counsel, and a motion for a preliminary injunction and temporary restraining order. I will address all of these motions herein, as well as the status of defendant David H. Schwartz.

---

[1] Plaintiff's complaint contains this spelling of "Kristina Wiza." However, in their motion to dismiss, defendants refer to this defendant as "Krista Wiza," and in their brief in support of their motion to dismiss, defendants refer to her as "Kristen Wiza." To further complicate the matter, the Assistant Attorney General representing all defendants in this case stated in a September 19, 2006, letter that she would accept service on behalf of "Kristen Wiza (n.k.a. Kristen Ward)." Because the correct name is thus impossible to ascertain at this time, I will retain plaintiff's spelling.

## I. MOTION FOR ADDITIONAL TIME

Plaintiff contends that he needs additional time to reply to defendants' motion to dismiss because he was recently re-incarcerated. He claims that his family mailed the legal papers associated with this case to the Milwaukee Secure Detention Facility so that he could respond to the motion to dismiss, but that he never received such legal papers. As such, I have asked the clerk of court to mail plaintiff a copy of defendants' motion to dismiss and brief in support of that motion, and I will grant plaintiff until January 5, 2007, to respond to the motion to dismiss.

## II. MOTION TO APPOINT COUNSEL

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see Mallard v. United States District Court, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under §1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073.

If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id. Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, plaintiff has not provided evidence that he meets the threshold requirement that he attempt to obtain legal counsel on his own. However, even if had done so, the issues in this case appear at this stage to be straightforward and plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the presence of counsel is unlikely to make a difference in the outcome of this case and plaintiff's motion will be denied.

### III. MOTIONS FOR PRELIMINARY INJUNCTION AND TRO

Plaintiff asks that the court "readdress" his motions for preliminary injunction and TRO that were denied on July 6, 2006, which I construe as a new motion for such relief. District Judge Stadtmueller, formerly assigned to this case, determined that neither a TRO nor a preliminary injunction was necessary because there was an adequate legal remedy – monetary damages – and plaintiff had failed to show that irreparable harm would result from a denial of plaintiff's motion. Plaintiff appears to believe that the fact he has been re-incarcerated for a new revocation of parole now shows that such motions should have been granted. However, plaintiff's motions for preliminary injunction and TRO must refer to the issues in the present case, i.e., the alleged constitutional violations that occurred in connection with his 2000 revocation of parole. Plaintiff cannot, through a motion for TRO

3

and preliminary injunction in this case, prevent the Wisconsin Department of Probation and Parole from revoking parole now or in the future pursuant to new claims that plaintiff has violated the terms of his parole. As such, I will deny plaintiff's new motion for TRO and preliminary injunction.

## IV. DEFENDANT DAVID SCHWARTZ

In his July 6, 2006 decision, Judge Stadtmueller determined that plaintiff had failed to state a claim against defendant David Schwartz that was not barred by absolute immunity. However, that decision inadvertently failed to order that Schwartz be dismissed from the case and Schwartz has remained on the docket, as defendants note in their motion to dismiss. As such, I will dismiss defendant Schwartz from this case without further ado, and plaintiff need not address defendant Schwartz in his response to defendants' motion to dismiss.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for extension is **GRANTED**. Plaintiff shall have until January 5, 2007 to respond to defendants' motion to dismiss.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

**IT IS ADDITIONALLY ORDERED** that plaintiff's motion for TRO and preliminary injunction is **DENIED**.

**IT IS ALSO ORDERED** that defendant David Schwartz is dismissed from this action.

Dated at Milwaukee, Wisconsin, this 20 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge