# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRELL PUTNAM,**
        **Plaintiff,**

    v.                                      Case No. 05C1129

**CITY OF MILWAUKEE**
**and JOSEPH SEITZ,**
        **Defendants.**

## DECISION AND ORDER

Plaintiff Terrell Putnam, proceeding pro se, brings this action under 42 U.S.C. § 1983. He alleges that on October 5, 1999, he was approached by City of Milwaukee police officers while on foot. He alleges that these officers – of whom he names only arresting officer Joseph M. Seitz – "seemed very hyper" as they approached him and drew their handguns. Plaintiff alleges that they then "rough[ed him] up," took him into custody, and issued to him a municipal citation for "Standing on Roadway." Plaintiff claims that, in doing so, they used excessive and unreasonable force in violation of the United States Constitution, Wisconsin statutes, and City of Milwaukee Police Department rules and regulations. As a result of such force, plaintiff alleges that he suffered emotional distress and a "broken bone to his spinal cord" that required prolonged medical attention. He demands damages in the amount of $268,000,000. Before me is defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss the City of Milwaukee, and plaintiff's motions for an extension of time, to file an amended complaint, and to strike defendants' motion to dismiss.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint

to state a claim upon which relief may be granted. GE Capital Corp. v. Lease Resolution Corp, 128 F.3d 1074, 1080 (7th Cir. 1997). In ruling on such a motion, a court must assume that all of the facts alleged in the complaint are true and draw all reasonable inferences from those facts in the light most favorable to the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). A court must construe liberally a pro se plaintiff's complaint and should only dismiss such a complaint "if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." McCormick v. City of Chi., 230 F.3d 319, 325 (7th Cir. 2000).

A complaint alleging municipal liability under § 1983 is not subject to a heightened pleading standard. McCormick, 230 F.3d at 323; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993). To allege that a municipal policy has violated an individual's civil rights, a plaintiff must merely allege that the deprivation of her constitutional rights was caused by a municipal "policy or custom" taking one of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) a constitutional injury that is caused by a person with final policy-making authority. McCormick, 230 F.3d at 323 (citing McTigue v. City of Chi., 60 F.3d 381, 382 (7th Cir. 1995)). Such an allegation may be conclusory; it need not be accompanied with facts that would prove the policy, practice or injury. McCormick, 230 F.2d at 323. However, an allegation of municipal liability via a respondeat superior theory is insufficient. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

In the present case, the operative complaint alleges that the City of Milwaukee "is

liable for the misconduct of its employees, and because of the excessive force used to sustain [plaintiff] he was injured." (Compl. at ¶ 6.) After defendants brought their motion to dismiss City of Milwaukee from the lawsuit, plaintiff brought his motion to amend the complaint. The proposed amended complaint is identical to the operative complaint, except that it has an additional section titled "CLAIM FOR RELIEF AGAINST CITY OF MILWAUKEE" which states that "defendant, City of Milwaukee, through the acts of its employees or agents" used excessive force against plaintiff, caused plaintiff's injuries, and violated the United States Constitution, Wisconsin statutes and City of Milwaukee Police Department rules and regulations.

Neither the operative complaint nor the proposed amended complaint states a claim against the City of Milwaukee, as neither alleges that the plaintiff's constitutional injury was, in part, caused by a City of Milwaukee policy or widespread practice, or by a person with final policy-making authority. Both complaints allege that the City of Milwaukee is liable for plaintiff's injuries only under a respondeat superior theory, and are thus insufficient to state a claim against that entity. See Monell, 436 U.S. at 694; McCormick, 230 F.3d at 323. In fact, both complaints affirmatively allege that plaintiff's injuries were caused by police conduct that was violative of City of Milwaukee rules and regulations. Thus, reading plaintiff's complaint liberally, it is "beyond doubt that there is no set of facts under which plaintiff could obtain relief" from the City of Milwaukee. McCormick, 230 F.3d at 325. Of course, plaintiff may proceed with his claims against defendant Seitz.

In deciding defendants' motion to dismiss, I considered plaintiff's September 28, 2006, response. Thus, for what it is worth, I will grant his September 13, 2006 motion for an extension of time to file such response.

As stated above, plaintiff's proposed amended complaint adds only nonactionable respondeat superior allegations against the City of Milwaukee. Thus, plaintiff's motion for leave to amend will be denied. However, I note that it appears from plaintiff's complaint that at least one other police officer was involved in plaintiff's alleged constitutional deprivation. If plaintiff is able to identify such other officer(s) in the future, he may properly request leave to amend his complaint to add such officer(s) as defendants.

Finally, plaintiff's motion to strike defendants' motion to dismiss claims that defendants failed to sign their motion as required by Fed. R. Civ. P. 11. However, because defendants properly e-filed their motion, their login and password served as a signature for the purposes of Rule 11. As such, I will deny plaintiff's motion to strike.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss City of Milwaukee is **GRANTED**.

**IT IS ALSO ORDERED** that plaintiff's motion for extension of time is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend complaint is **DENIED**.

**IT IS ADDITIONALLY ORDERED** that plaintiff's motion to strike is **DENIED**.

**IT IS FURTHER ORDERED** that defendant City of Milwaukee is dismissed from this lawsuit.

Dated at Milwaukee, Wisconsin this 21 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge