## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**TERRELL PUTNAM,**
        **Plaintiff,**

    **v.**                                    **Case No. 05C1129**

**JOSEPH SEITZ, PATRICK PATTERSON**
**and CITY OF MILWAUKEE,**
        **Defendants.**

### DECISION AND ORDER

      Plaintiff Terrell Putnam brings this action under 42 U.S.C. § 1983, alleging that City of Milwaukee police officers used unreasonable force in arresting him. On November 21, 2006, I dismissed the City of Milwaukee from this action, as plaintiff's complaint implicated the city only under a respondeat superior theory of liability. Additionally, I denied plaintiff's motion for leave to amend his complaint to add new claims against the city, as the amendments did not implicate the city under any other theory and thus amendment would be futile. Further, as the complaint referred to at least one police officer other than defendant Joseph Seitz, I noted that if plaintiff identified officers not named in his complaint, he could request leave to amend his complaint to add such officers as defendants.

      On December 12, 2006, plaintiff filed a document purporting to be an amended complaint. On December 29, 2006, plaintiff filed a motion for leave to amend his complaint, with the amended complaint attached. Such amended complaint was identical to the one filed on December 12, except that it added two additional paragraphs at the end.

      Plaintiff's proposed amended complaint adds as a defendant police officer Patrick

Patterson, to whom the earlier complaint had referred, though not by name. In addition, the proposed amended complaint adds claims against the City of Milwaukee, alleging that the individual defendants acted according to a city policy or custom and that the city failed to train its police. Further, the proposed amended complaint changes the plaintiff's address and states for the first time that all defendants acted with malice and gross negligence; violated Wisconsin state statutes and City of Milwaukee ordinances in addition to the federal Constitution; and were motivated by "hate," discriminated against plaintiff on the basis of his race, misused their authority, and possessed final decision-making power.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This case is at an early stage, and I see no reason to deny plaintiff's implied motion for leave to file an amended complaint. Thus, the amended complaint supercedes the prior complaint, and the December 29 complaint is now the operative complaint in this action. See Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). Accordingly, I have amended the caption to include Patrick Patterson and the City of Milwaukee.

If plaintiff has not yet served Patterson or the City of Milwaukee with the December 12 complaint, he should do so in accordance with Federal Rule of Civil Procedure 4.

2

**Therefore,**

**IT IS ORDERED** that plaintiff's implied motion for leave to amend is **GRANTED**.

Dated at Milwaukee, Wisconsin this 21 day of January, 2007.

/s_____
LYNN ADELMAN
District Judge