# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**TERRELL PUTNAM,**
        **Plaintiff,**

v.                                                      **Case No. 05C1129**

**JOSEPH SEITZ, et al.,**
        **Defendants.**

## ORDER

In 2005, pro se plaintiff Terrell Putnam filed this action against certain Milwaukee police officers. The case then proceeded down a long and tortured road of pretrial proceedings. Throughout this process, plaintiff has repeatedly failed to prosecute his case with diligence. Plaintiff's pattern of delay began shortly after he filed his complaint, when defendants moved to dismiss. Plaintiff did not respond to defendants' motion until the court notified him that his brief in opposition was overdue. (Docket Entry # 5.) After plaintiff filed an amended complaint, defendants again moved to dismiss, and again plaintiff failed to respond to the motion until the court prodded him to do so, but then only after plaintiff requested two extensions of time. (Docket Entries ## 16, 17 & 19.)

Ultimately, the case proceeded to pretrial discovery. Although defendants deposed plaintiff about his claims, plaintiff conducted very little of his own discovery and, importantly, did not disclose many of his fact witnesses or any reports from his expert witnesses in accordance with the court's scheduling order. Plaintiff made a number of requests to modify the scheduling order and obtain more time to conduct discovery (Docket Entries ## 65, 68 & 70), some of which I granted. Eventually, however, I concluded that

plaintiff's pattern of delay could not continue and set a firm deadline for plaintiff's expert witness disclosures and the conclusion of all discovery.[1] (Docket Entry #71.) Discovery closed on March 1, 2008.

On May 28, 2008, I held a status conference to determine whether to schedule this matter for trial. The parties stated that genuine issues of material fact needed to be resolved, and I therefore set a trial date of October 27, 2008. I also set a deadline for filing motions in limine, a deadline for filing final pretrial reports, and a date for a final pretrial conference. At the status conference, defendants informed me that plaintiff failed to disclose his expert reports. Because of this and plaintiff's past pattern of delay, I warned plaintiff that his failure to strictly follow the deadlines for filing his final pretrial report and/or his failure to appear at the final pretrial conference would result in dismissal of his case. (Docket Entry #80.) In my written order following the status conference, I stated:

> All parties shall prepare and file pretrial reports in the form set forth in Civil L.R. 16.3 (attached) on or before **September 15, 2008**. The person who will try the case must sign the report. Sanctions, which may include the dismissal of claims and defenses, may be imposed if a pretrial report is not filed. The plaintiff is advised that if he fails to file a pretrial report, his claims **will** be dismissed with prejudice.

(Docket Entry # 79.)

Plaintiff did not file a pretrial report on or before September 15, 2008, thereby violating my order. Instead, he filed a letter asking for additional time to submit his report because he is still gathering evidence from witnesses. However, discovery has been closed for months, and plaintiff offers no reason for his failure to collect this evidence

---

[1] I left open the possibility of granting further extensions if plaintiff succeeded in obtaining counsel to represent him.

earlier. He does say that he "recently made contact with" these witnesses, but he does not explain why he did not contact them while this case was in its discovery stages. Indeed, one of the witnesses he lists, Ms. Barbara Putnam, has been on his witness list since August 8, 2006. (Docket Entry #81 - letter from plaintiff attaching witness list dated 8/8/2006.)

Because of plaintiff's pattern of delay and his failure to timely file his final pretrial report despite my explicit warning to him that failure to do so would result in dismissal with prejudice, I will dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b). I recognize that "dismissal for failure to prosecute is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." Martinez v. City of Chicago, 499 F.3d 721, 727 (7th Cir. 2007) (internal quotation marks omitted). However, I conclude that such a sanction is warranted in this case.

**THEREFORE, IT IS ORDERED** that this action is **DISMISSED** for failure to prosecute and to comply with court orders. Defendants' pending motion in limine is **DENIED** as **MOOT**. The clerk of court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 18 day of September, 2008.

/s_____
LYNN ADELMAN
District Judge